IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC WAKEFIELD, #201900235, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-01764-JPG |
| | ) |
| CHRISTOPHER POLICE DEP'T, | ) |
| KENDALL LONG, | ) |
| and ANDREW TRAGOLO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Eric Wakefield, an inmate at Franklin County Jail located in Benton, Illinois, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80.  (Doc. 1, pp. 1-10).  This is one of six lawsuits that Plaintiff filed in this Court on August 3, 2022.[1]  In the Complaint, Plaintiff asserts claims against the defendants for state law violations stemming from his arrest on September 26, 2019.  (*Id*. at 6, 8).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff also filed *Wakefield v. Franklin County Sheriff's Dep't, et al.*, No. 22-cv-1766-JPG (S.D. Ill. 2022); *Wakefield v. SIU Credit Union, et al.*, No. 22-cv-1767-NJR (S.D. Ill. 2022); *Wakefield v. Franklin County Jail, et al.*, No. 22-cv-1768-JPG (S.D. Ill. 2022); *Wakefield v. District Attorney's Office, et al.*, No. 22-cv-1769-DWD (S.D. Ill. 2022); *Wakefield v. Franklin County Courts, et al.*, No. 22-cv-1772-JPG (S.D. Ill. 2022).

1

### The Complaint

The allegations set forth in the Complaint consist entirely of sentence fragments and phrases that are difficult to piece together. Rather than summarizing them, the Court deems it more appropriate to quote the entire statement of claim below:

> On September 26, 2019, time of arrest, in Christopher, IL. Address 302 N. Emma. Mentally & physically incapacitated. Due to serious blows to the head. Could not answer for anything at time that happened. Never physically check for injuries from assault. Took 12 viles (sic) of blood from me without permission. At Christopher Police Dept. Deletion of my security system footage on Sept. 30, 1:30 P.M. By Chief Kendall Long. Tampering of Evidence. Body cams not on! False reports and statements. Cohearsing (sic) the witness violation of laws, Not a forensic detective, Access to Home Security System. When only to secure premises until forensic detective arrives. Serious head trauma covered up.

(Doc. 1, p. 8).

Plaintiff identifies twelve separate claims—consisting of six claims listed twice—under Illinois state law, as follows:

**Count 1:** Defamation of character in violation of Illinois state law;

**Count 2:** Obstruction of justice in violation of Illinois state law;

**Count 3:** Deception, fraudulent tampering, and computer tampering in violation of Illinois state law;

**Count 4:** Perjury in violation of Illinois state law;

**Count 5:** Entrapment in violation of Illinois state law; and

**Count 6:** False statements and reports by officers in violation of Illinois state law.

**(Doc. 1, p. 10). Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

The Complaint suffers from numerous problems warranting dismissal. The Court will discuss some of the more significant ones below. This list is demonstrative and not exhaustive.

First, Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"), but he does not name the proper defendant. The FTCA allows civil actions for money damages against the United States for personal injury or death caused by the negligent or wrongful act or omission of any Government employee while acting within the scope of his or her office or employment. *See* 28 U.S.C. § 1346(b)(1). The United States is the only proper defendant, *see* 28 U.S.C. § 2679(b)(1), but Plaintiff does not name the United States at all. Moreover, FTCA claims hinge on allegations of tortious conduct by federal officers. However, Plaintiff's claims stem from allegations of misconduct by local officials. The only three defendants are Christopher Police Department, Chief of Police Kendall Long, and Assistant Chief of Police Andrew Tragolo. Given this, the Court deems it appropriate to dismiss the FTCA portion of the Complaint with prejudice.

Second, Plaintiff also brings this action pursuant to 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983. However, Plaintiff identifies no violation of his federal constitutional or statutory rights. The Court is unable to guess what potential violations of his federal rights occurred because Plaintiff's allegations are so threadbare and confusing. He also names no defendants in connection with any claims. Accordingly, the Court shall dismiss that portion of the Complaint consisting of Plaintiff's § 1983 claims without prejudice.

Third, Plaintiff's claims all arise under Illinois state law, and the Court does not have original jurisdiction over the state law claims. Under some circumstances, the Court can exercise supplemental jurisdiction over state law claims brought as part of a § 1983 suit, but those circumstances are not present here. 28 U.S.C. § 1367. Section 1367(a) states, in pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*See* 28 U.S.C. § 1367(a). Plaintiff has articulated no claim under the FTCA or § 1983. In fact, he has made no effort to describe any violation of his federal rights in the Complaint. Given this, the Court also has no supplemental jurisdiction over Counts 1 through 6. *Id*.

Even if it did, § 1367(c) empowers a federal court to decline supplemental jurisdiction in two contexts that are applicable here. *See* 28 U.S.C. § 1367(c). A district court may decline to exercise supplemental jurisdiction over a claim under subsection (a), if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction or if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(2)-(3). Because Plaintiff failed to state any claim upon which relief may be granted under the FTCA or § 1983, the Court declines to exercise supplemental jurisdiction over Counts 1 through 6 pursuant to § 1367(c)(3). Had Plaintiff articulated at least one FTCA or § 1983 claim, the Court would still decline to exercise supplemental jurisdiction pursuant to § 1367(c)(2) because the six state law claims predominate.

The Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed for failure to state a claim for relief under the FTCA or § 1983 and because the Court declines to exercise supplemental jurisdiction over Counts 1 through 6 pursuant to 28 U.S.C. § 1367. Further,

4

the Court notes that any § 1983 claims arising from Plaintiff's arrest on September 26, 2019 and deletion of video footage on September 30, 2019 are likely time-barred under the two-year statute of limitations applicable to the claims.[3]  Although the Court freely grants leave to file amended pleadings, it need not give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed.  *See e.g. Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile).  Plaintiff will be given the opportunity to file an amended complaint because he is a *pro se* litigant and is afforded extra deference.  If Plaintiff is convinced that he cannot file a successful claim, however, he may instead wish to voluntarily dismiss this case so that he does not incur a strike for filing a frivolous lawsuit.  *See* 28 U.S.C. § 1915(g).[4]

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff's claims under the Federal Tort Claims Act are **DISMISSED** with prejudice, his claims under 42 U.S.C. § 1983 are **DISMISSED** without prejudice, and **COUNTS 1 through 6** are **DISMISSED** without prejudice under 28 U.S.C. § 1367.

---

[3] Plaintiff's claims arise from his arrest on September 26, 2019 and deleted video on September 30, 2019. He filed suit nearly three years later, on August 3, 2022, which is well beyond the two-year statute of limitations applicable to his § 1983 claims.  *See* 735 ILCS § 5/13-202; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017); *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019).

[4] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff's Motion for Recruitment of Counsel (Doc. 15) is **DENIED** without prejudice, based on Plaintiff's failure to demonstrate reasonable efforts to find counsel on his own[5] before asking the Court to assist him and his failure to establish the need for an attorney to help him litigate his claims in this case.[6]

Plaintiff's Motion for Sanctions (Doc. 16) and Motion for Warrants of Arrest (Doc. 17) are **DENIED** without prejudice.  Both contain requests that should either be included in the Complaint's request for relief or excluded altogether because the relief pertains to non-parties.

**Plaintiff shall have until June 16, 2023, to file a First Amended Complaint <u>or</u> a Motion to Voluntarily Dismiss this case.**

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  Plaintiff should label the form "First Amended Complaint," and he should use the case number for this action (Case No. 22-cv-01764-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was

---

[5] Plaintiff provided a list of names of attorneys or law firms he contacted, but he failed to indicate when he contacted them, what he requested of them, and how they responded.
[6] Plaintiff has not articulated any federal claims, and the Court cannot assess the difficulty of the case considering this. Moreover, the Court notes that Plaintiff has some college education and has demonstrated that he is capable of preparing complaints, motions, and other pleadings on his own, despite his medical impairments in this and his six other suits recently filed in this District.

incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 5/17/2023

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
