IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC L. WAKEFIELD, #201900235, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) Case No. 22-cv-01764-JPG <br> ) |
| CHRISTOPHER POLICE DEPT., <br> KENDALL LONG, <br> and ANDREW TRAGOLO, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Eric Wakefield filed this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. In the Complaint, Plaintiff brings claims against Christopher Police Department and its officers for violating his rights during his arrest on September 26, 2019. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on May 17, 2023. (Doc. 19). Plaintiff was granted leave to file a First Amended Complaint or Motion for Voluntary Dismissal by June 16, 2023. (*Id*.). He was warned that the action would be dismissed for failure to comply with a court order and/or for want of prosecution if he failed to do so. (*Id*. at 7).

Plaintiff missed the deadline for filing the First Amended Complaint on June 16, 2023. Almost three weeks have passed since this deadline expired, and the Court has received no communication from him in this case. The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 19) and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

1

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 19) to either file a First Amended Complaint or Motion for Voluntary Dismissal; he has failed to prosecute his claims herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 6, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**